# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:17-CV-00048-HBB

**TAMMY K. GENTRY**                                                                 **PLAINTIFF**

**VS.**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security**                                                  **DEFENDANT**

## MEMORANDUM, OPINION, AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff Tammy K. Gentry seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 18) and Defendant (DN 21) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered May 26, 2017 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

Plaintiff filed an application for Supplemental Security Income benefits on November 9, 2011 (Tr. 373). Plaintiff alleged that she became disabled on September 2, 2007 as a result of migraine headaches, difficulty with concentration/focus; back disorders; neuropathy, swelling,

numbness, pain in extremities; chronic obstructive pulmonary disease and chronic bronchitis; high blood pressure; gastrointestinal problems, nausea, choking on food; history of Bell's Palsy; depression and anxiety; mood disorders; and difficulty sleeping, lack of energy and motivation (Tr. 431). Administrative Law Judge Susan Wakshul conducted a hearing on September 26, 2013 (Tr. 127). This hearing resulted in an unfavorable decision (Tr. 199). The Appeals Council remanded the matter for additional consideration in May of 2015 (Tr. 216). ALJ Susan Torres held a second video hearing from Baltimore, Maryland on October 26, 2015 (Tr. 89). Plaintiff was remotely present in Bowling Green, Kentucky and represented by attorney Charles Burchett. Also present and testifying was impartial vocational expert Deborah Bunn Durham.

In a decision dated December 14, 2015, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 220-46). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since October 31, 2011, the application date (Tr. 225).[1] At the second step, the ALJ determined that Plaintiff's degenerative joint disease of the knees, status post multiple right knee surgeries, degenerative disc disease, osteoarthritis, chronic obstructive pulmonary disease, morbid obesity, diabetes mellitus, migraines, major depressive disorder, and history of methamphetamine dependence are "severe" impairments within the meaning of the regulations (Tr. 225). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 226).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform a reduced range of sedentary work (Tr. 229). More specifically, the ALJ assessed the following limitations:

---

[1] The transcript notes an application date of November 9, 2011.

> [T]he claimant is limited to no more than occasional climbing of ramps and stairs. She must never climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, or crouch. She must never crawl. She can occasionally reach overhead with her right upper extremity. She must avoid concentrated exposure to vibration. She must avoid even moderate exposure to hazards such as heights and moving machinery. She requires the use of a cane for ambulation. She needs a sit/stand option every thirty minutes. She can understand, remember, and carry out simple instructions in an environment free of fast paced production requirements and involving only simple work-related decisions with few work place changes. She is limited to occasional interaction with the public.

(Tr. 229). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of her past relevant work as a certified nurse assistant and a hotel front desk clerk (Tr. 238).

The ALJ proceeded to the fifth step where she considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 238-39). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 239). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from October 31, 2011 through the date of the decision (Tr. 239).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 41). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.

Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of
> any medically determinable physical or mental impairment which

can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step. For the reasons set forth below, the Commissioner's decision is affirmed.

### Challenged Findings

Plaintiff first challenges the ALJ's step three determination that none of her impairments, singularly or in combination, meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (DN 18 P. 2). Plaintiff takes issue with the ALJ's

analysis with respect to Listings 1.02 and 1.03 (Id. P. 3). As for Listing 1.02, Plaintiff argues the ALJ's analysis renders it impossible to determine whether the listing requirements are not satisfied because Plaintiff: (1) lacks a gross knee deformity, or (2) can ambulate effectively (Id.). For both Listings, Plaintiff contends the ALJ considered a restricted range of evidence, resulting in a conclusion not based on substantial evidence. Moreover, Plaintiff argues the ALJ failed to discuss certain listed examples of ineffective ambulation that apply to her.

Plaintiff presents evidence she believes demonstrates ineffective ambulation. First, Plaintiff discusses "documentary evidence" (DN 18 P. 5). This includes: (1) an adult function report dated November 29, 2011, where Plaintiff was reported to be unable to stand without pain and unable to perform household tasks (Id. (citing Tr. 450)); and (2) an adult function report dated May 9, 2012 where Plaintiff was reported to have difficulty dressing herself and doing laundry (Id. (citing Tr. 467). Next, Plaintiff points to a report from examining physician Dr. Michael Meade who concluded Plaintiff might benefit from using a walker given her lower extremity pain, which may put her at higher risk of falling (Id. (citing Tr. 639). Next, Plaintiff argues the ALJ misconstrued certain aspects of the hearing testimony and failed to consider some others. Most of Plaintiff's objections concern her testimony regarding activities of daily living (Id. at 7-8 (citing Tr. 110, 115).

Plaintiff next outlines medical evidence she argues supports a finding that she cannot ambulate effectively, including: (1) a driveway fall in October of 2011 (Id. at P. 8 (citing Tr. 624)); (2) an examination related to an increase in knee pain with daily activities (Id. (citing Tr. 835)); (3) complaints of increased knee pain in February of 2014 (Id. (citing Tr. 1510)); (4) an MRI from 2015 showing tri-compartment osteoarthritis and moderate to severe patellofemoral articular cartilage loss (Id. (citing Tr. 1506)); and records from April of 2014 reflecting pain with

6

weight-bearing and a limping gait (Id. (citing Tr. 1387-88)). Next, Plaintiff details the effects of a partial right meniscectomy and its aftermath, including a September, 2014 MRI showing moderate to severe patellofemoral articular cartilage loss and osteophytes (Id. at P. 9 (citing Tr. 1496)). After detailing several other instances of limping, difficulty weight-bearing, and complications with surgical procedures, Plaintiff concludes, without a single legal citation, that the ALJ failed to consider this body of evidence, and the case should therefore be remanded.

Finally, Plaintiff challenges the ALJ's residual functional capacity finding at step four. More specifically, Plaintiff takes issue with the ALJ's assessment of the need for a sit/stand option every thirty minutes, arguing the limitation is unclear. Plaintiff maintains the assessment should also include how long the Plaintiff must maintain the alternative position, and whether she must stay on task while in the alternate position (DN 18 Pp. 10-11). Citing SSR 96-9p, Plaintiff argues the ALJ's evaluation requires additional evaluation that includes these considerations to offer meaningful review of whether the sit/stand option significantly erodes the occupational base (Id. at P. 11). Moreover, Plaintiff argues SSR 96-9p requires the ALJ to assess whether a claimant's assistive balancing device is necessary because of issues with both lower extremities, as this fact may significantly erode the occupational base (Id.). Plaintiff points out that, in this case, the ALJ found degenerative joint disease in both knees. Thus, Plaintiff concludes, by not assessing whether the use of a cane was the result of limitations to both lower extremities, the ALJ did not properly evaluate whether a significant erosion of the occupational base has occurred (Id. at Pp. 11-12).

Discussion

At the third step, a claimant has the burden of demonstrating she has an impairment that meets or medically equals a listing in Appendix 1. See, 20 C.F.R. §§ 416.920(d), 416.912(a);

Burgess v. Sec'y of Health & Human Servs., 835 F.2d 139, 140 (6th Cir. 1987). To meet a listing in Appendix 1, the medical records regarding the impairment must satisfy both the diagnosis and severity requirements for the listing. Social Security Ruling 96-5p; 20 C.F.R. § 416.925(d); Hale v. Sec'y of Health & Human Servs., 816 F.2d 1078, 1083 (6th Cir. 1984). If the impairment does not meet the severity requirements of a listing, then the Administrative Law Judge looks to the opinions of the state agency medical advisors and/or the opinion of a testifying medical expert for guidance on the issue of whether the medical findings are at least equal in severity and duration to the listing findings. 20 C.F.R. §§ 416.926(a) and (b); Social Security Ruling 96-5p; Deters v. Sec'y of Health, Educ. & Welfare, 789 F.2d 1181, 1186 (5th Cir. 1986). Since a finding that a claimant meets or equals a listing is dispositive of the case, the finding is reserved to the Administrative Law Judge. Social Security Ruling 96-5p.

The disputed Listings here are Listing 1.02 and 1.03. Listing 1.02 concerns major dysfunction of a joint(s) (due to any cause). Conditions satisfying this Listing will be

> Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankyloses, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankyloses of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b; or
>
> B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. Part 404, Subpart P, Appendix 1.02.

The undersigned first addresses Plaintiff's argument that the ALJ's opinion renders it impossible to determine whether Plaintiff doesn't satisfy the Listing because she: (1) lacks a gross anatomical deformity, or (2) cannot ambulate effectively. This argument simply misreads the regulation, which plainly requires both a gross anatomical deformity plus at least one of either of the two criteria enumerated in subsections A and B. This claim is therefore without merit.

The next issue is whether the ALJ specifically omitted definitional examples of ineffective ambulation that directly apply to Plaintiff's limitations. The evidence presented, however, consists almost entirely of Plaintiff's own subjective complaints. The cited adult function reports, hearing testimony, and treatment notes reflect Plaintiff's perceived limitations. And, while Dr. Meade did opine that Plaintiff might benefit from a walker (Tr. 639), he did not conclude that one was medically necessary. Moreover, Dr. Meade further noted that, at the time of her evaluation, Plaintiff was using no assistive device at all, and she could walk for five minutes (Tr. 636-37). In other words, during the evaluation, Plaintiff could ambulate effectively. Additionally, with respect to Listing 1.03, at the time of the ALJ's opinion, it had not yet been twelve months since Plaintiff's March, 2015 surgery. Thus, Plaintiff could not have satisfied this Listing's requirements, as the ALJ noted (Tr. 226).

Next, the Plaintiff argues the ALJ misconstrued the hearing testimony. However, while the ALJ emphasized that Plaintiff lives alone and only receives help with certain activities (Tr. 226), this is hardly misconstruing and is instead recognition that Plaintiff does not have live-in assistance and still manages her affairs largely independently. Moreover, Plaintiff herself stated that she did "pretty good" with walking in her own house (Tr. 108). The undersigned concludes the evidence cited by Plaintiff is not sufficient to require remand and that the ALJ did not

9

misconstrue Plaintiff's testimony. The ALJ's conclusions were supported by substantial evidence and complied with applicable law.

The final issue is whether the sit/stand option announced by the ALJ satisfies the specificity requirements of SSR 96-9P. Here, the Plaintiff has forfeited this argument because Plaintiff's counsel did not choose to cross-examine the vocational expert with respect to this issue. Kepke v. Comm'r of Soc. Sec., 636 F. App'x 625, 636 (6th Cir. 2016). The undersigned notes, however, that even if the argument were not forfeited, the RFC determination in this case satisfies the rule's requirements. "The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." SSR 96-9p at *7 (1996). Here, the ALJ specified that Plaintiff requires a sit/stand option every thirty minutes (Tr. 229). Therefore, though the argument was forfeited by Plaintiff's counsel's failure to address the issue at the administrative hearing, it nonetheless fails on the merits.

## Conclusion

The ALJ's decision was supported by substantial evidence and complies with all applicable laws. Plaintiff's claims are therefore denied.

## ORDER

**IT IS HEREBY ORDERED** that the decision of the commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (DN 1) is **DISMISSED WITH PREJUDICE**.

Copies:    Counsel